# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| BONITA HUNT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. |
| vs. | ) 1:24-CV-4666-VMC |
| | ) |
| THOR MOTOR COACH, INC.; and | ) |
| MERCEDES-BENZ SOUTH USA, | ) |
| LLC, | ) |
| | ) |
| Defendants. | ) |

## BRIEF IN SUPPORT OF MOTION TO DISMISS
## OF DEFENDANT THOR MOTOR COACH, INC.

COMES NOW the Defendant THOR MOTOR COACH, INC. ("Thor" or "Defendant"), and shows as follows in support of its Motion to Dismiss:

### STATEMENT OF FACTS

1. <u>Plaintiff's Allegations.</u>

Defendant sets forth Plaintiff's relevant allegations for the purposes of this Motion, and not as admission to the truth thereof.

1

Plaintiff filed this suit on October 11, 2024. Plaintiff alleges that she purchased a 2022 Thor Sanctuary Class B recreational vehicle (the "RV") on October 29, 2021, from General RV in Michigan. (Complaint, ¶¶ 3, 19.) She claims that she titled the RV in the name of her business, Health Chex Medical, "due to financing challenges" resulting from her "low credit score." (Complaint, Doc. 1, p. 1.) After delivery of the RV, she claims to have submitted it for repairs at various facilities on June 20, 2022, August 8, 2022, August 31, 2022, September 8, 2022, September 12, 2022, June 12, 2023, December 27, 2023, and April 5, 2024. (Complaint, Doc. 1, ¶¶ 36-43.)

Plaintiff contends that the RV was "defective when acquired" and that "defects appeared and arose during the term of … defendant's warranty shortly after the Plaintiff took delivery of the subject RV." (Complaint, ¶¶ 4, 12.) She brings state law claims for breach of warranty and/or contract (Count I), and federal claims under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq. (Count II). She requests statutory and other damages and lawful remedies and relief or, alternatively, rescission and/or revocation of acceptance plus all lawful damages. (Complaint, Doc. 1, p. 21.)

9342553v.1

2. The Limited Warranty.

Thor's Limited Warranty applicable to the RV provides, in relevant part:

**Full-time, Residential, or Business Use Warranty Restriction**

If the motorhome is used for full time recreational travel and camping or as a residence **OR** is not of the current or prior model year when the first retail owner takes delivery of the motorhome **OR** was purchased, titled, or registered in a business name or used for any commercial or business purposes other than for rental purposes, the Limited Warranty ends **90 days** after the first retail owner takes delivery of the motorhome **OR** after the odometer reaches **5,000 miles** (8,000 km), whichever occurs first. If the motorhome has been purchased, titled, or registered in a business name or used for any commercial or business purpose, TMC disclaims any implied warranty of merchantability that may arise by operation of law. If the retail owner(s) has filed a federal, state or provincial tax form claiming any business tax benefit related to the motorhome, it will be conclusively presumed that the motorhome was used for commercial and/or business purposes. ANY CLAIMS AND CAUSES OF ACTION AGAINST TMC ARISING OUT OF THIS LIMITED WARRANTY, PURCHASE OR OPERATION OF THE MOTORHOME, INCLUDING FOR: BREACH OF THIS 90 DAY LIMITED WARRANTY OR IMPLIED WARRANTIES, REVOCATION OF ACCEPTANCE, AND VIOLATIONS OF STATE CONSUMER PROTECTION AND DECEPTIVE TRADE LAWS MUST BE COMMENCED NOT MORE THAN 1 YEAR AFTER THE 90 DAY WARRANTY ENDS.

Unless prohibited by state or provincial law, repairs and promises to repair will not extend the time when you must commence a breach of warranty claim and shall not extend the warranty coverage period. Some states and provinces do not allow the reduction of the time when a claim must be commenced, so the reduction in time when a claim must be commenced may not apply to you.

**Legal Remedies**

EXCLUSIVE JURISDICTION FOR DECIDING LEGAL DISPUTES RELATING TO ALLEGED BREACH OF EXPRESS WARRANTY AND BREACH OF IMPLIED WARRANTIES ARISING BY OPERATION OF LAW AS WELL AS THOSE RELATING TO REPRESENTATIONS OF ANY NATURE MUST BE FILED IN A STATE OR FEDERAL COURT WITHIN THE STATE OF MANUFACTURE, WHICH IS INDIANA. ALSO, THIS LIMITED WARRANTY SHALL BE INTERPRETED AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF INDIANA. ANY AND ALL CLAIMS, CONTROVERSIES AND CAUSES OF ACTION ARISING OUT OF OR RELATING TO THIS LIMITED WARRANTY, WHETHER SOUNDING IN CONTRACT, TORT, OR STATUTE, SHALL BE GOVERNED BY THE LAWS OF THE STATE OF INDIANA, INCLUDING ITS STATUTE OF LIMITATIONS, WITHOUT GIVING EFFECT TO ANY CONFLICT-OF-LAW RULE THAT WOULD RESULT IN THE APPLICATION OF THE LAWS OF A DIFFERENT JURISDICTION.

THIS LIMITED WARRANTY GIVES YOU SPECIFIC LEGAL RIGHTS. YOU MAY ALSO HAVE OTHER RIGHTS, WHICH VARY FROM STATE TO STATE AND PROVINCE TO PROVINCE.

THIS LIMITED WARRANTY IS NOT A WARRANTY THAT PROMISES OR EXTENDS TO FUTURE PERFORMANCE BECAUSE THE WARRANTY DOES NOT MAKE A REPRESENTATION ON HOW YOUR MOTORHOME WILL PERFORM IN THE FUTURE BUT INSTEAD REPRESENTS ONLY WHAT THE REMEDY WILL BE IF A DEFECT EXISTS.

(Limited Warranty, Ex. 1, pp. 15-18.)

## ARGUMENT AND CITATIONS TO AUTHORITY

Plaintiff's claims are barred by the limitations period contained in the Limited Warranty applicable to the RV. The time for Plaintiff to bring her claims expired 90 days plus one year from the retail delivery of the RV on October 29, 2021, based on the business registration clause in the Limited Warranty, expiring January 27, 2023, or, alternatively, two years plus 90 days from the retail delivery, expiring January 27, 2024. Ind. Code Ann. § 26-1-2-725(1); M.C.L. § 440.2725(1). Because Plaintiff filed this suit on October 11, 2024, her claims are barred.

**A. LEGAL STANDARDS.**

Thor moves to dismiss for expiration of the applicable limitations period, which is a dismissal for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. R. 12(b)(6); AVCO Corp. v. Precision Air Parts, Inc., 676 F.2d 494, 495 (11th Cir. 1982) ("[A] statute of limitations defense may be raised on a motion to dismiss for failure to state a claim …when the complaint shows on its face that the limitations period has run …" (citations omitted)).

4

Although Plaintiff purchased the RV in Michigan, Thor's Limited Warranty contains a choice of law provision for Indiana law to apply, without regard to conflict of law rules. (Limited Warranty, Ex. 1, p. 17.) "Michigan's public policy favors the enforcement of contractual forum-selection clauses and choice-of-law provisions." Barshaw v Allegheny Performance Plastics, LLC, 965 NW2d 729, 734 (Mich. App. 2020) (quotations and citations omitted).

Indiana law allows warrantors of goods to reduce the time for filing suit "to not less than one (1) year" after the cause of action has accrued. Ind. Code Ann. § 26-1-2-725(1). "A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance, the cause of action accrues when the breach is or should have been discovered." Ind. Code Ann. § 26-1-2-725(2).

### B. PLAINTIFF'S CLAIMS SHOULD BE DISMISSED FOR EXPIRATION OF THE LIMITATIONS PERIOD CONTAINED IN THOR'S LIMITED WARRANTY.

Plaintiff admits to titling the RV in the name of her business, thereby invoking the business registration warranty period of 90 days in Thor's Limited

9342553v.1

Warranty. (Complaint, Doc. 1, p. 1; Limited Warranty, Ex. 1, p. 15.) The Limited Warranty did not extend to future performance of the RV and certainly did not extend to future performance of the RV beyond this 90-day period, so any breach of warranty accrued within ninety days of delivery. (Limited Warranty, Ex. 1, p. 18.) Plaintiff's time to file suit expired on January 27, 2023, or, alternatively, January 27, 2024. Ind. Code Ann. § 26-1-2-725(1).

Plaintiff's citation to the "repair doctrine" as tolling the limitations period during "ongoing and unsuccessful repair attempts" is misplaced. "By repairing or replacing defective truck engines within the warranty period, [Thor's] sellers were merely fulfilling their bargained-for contractual obligations," which is insufficient for tolling as a matter of law. Kenworth of Indianapolis, Inc. v. Seventy-Seven Ltd., 134 N.E.3d 370, 384 (Ind. 2019).

Plaintiff's inclusion of claims under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq., does not alter this result. Because it supplements state law, courts applying Maguson-Moss apply the state law limitations periods applicable to breach of warranty claims. Ferro v. Volvo Penta of the Americas, LLC, 731 F. App'x 208, 210 (4th Cir. 2018) (applying four-year statute of limitations applicable

6

under North Carolina law claims for breach of warranty to Magnuson-Moss Warranty Act claims); Carroll v. BMW of North America, LLC, No. 1:19-cv-000224-JMS-TAB, 2019 WL 4243153, at *7 (S.D. Ind. Sept. 6, 2019) (applying Indiana law); Rutherford v. BMW of North America, LLC, 579 F.Supp.3d 737, 745-46 (D. Md. 2022) (applying Maryland law); Kaplan v. Volvo Penta of the Americas, LLC, No. 14-22226-CIV, 2014 WL 6908423, at *3 (S.D. Fla. Dec. 8, 2014) (applying Florida commercial code).

## **CONCLUSION**

WHEREFORE, Thor Motor Coach, Inc., respectfully requests that the Court grant this Motion, dismiss Plaintiff's claims against it, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted, this 29th day of October, 2024.

        COPELAND, STAIR, VALZ & LOVELL, LLP

        */s/ Mark D. Lefkow*
        MARK D. LEFKOW
        Georgia Bar No.: 004289
        *Attorneys for Defendant Thor Motor Coach, Inc.*

9342553v.1

191 Peachtree Tower, Suite 3600
191 Peachtree Street, NE
Atlanta, Georgia 30303-1740
Phone: 404-522-8220
Fax: 404-523-2345
Email: mlefkow@csvl.law

# CERTIFICATE OF COMPLIANCE AND CERTIFICATE OF SERVICE

I certify that the foregoing document was prepared using Times New Roman 14-point font, one of the fonts and typeface sizes allowed by the Local Rules of the Northern District of Georgia.

I further certify that I have, this day, served a copy of the foregoing document on the following pro se, non-ECF participant by electronic mail to the following:

Bonita Hunt
1718 Connally Drive
East Point, GA 30344
md2bhunt@icloud.com

This, the 29th day of October, 2024.

    COPELAND, STAIR, VALZ & LOVELL, LLP

    */s/ Mark D. Lefkow*
    MARK D. LEFKOW
    Georgia Bar No.: 004289
    *Attorneys for Defendant Thor Motor Coach, Inc.*

191 Peachtree Tower, Suite 3600
191 Peachtree Street, NE
Atlanta, Georgia 30303-1740
Phone: 404-522-8220
Fax: 404-523-2345
Email: mlefkow@csvl.law

9342553v.1