IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BONITA HUNT,<br><br>    Plaintiff,<br><br>v.<br><br>THOR MOTOR COACH, INC. AND MERCEDES BENZ SOUTH USA, LLC,<br><br>    Defendant. | CIVIL ACTION FILE NO.:<br>1:24-CV-4666-VMC |

**SPECIAL APPEARANCE ANSWER AND DEFENSES OF DEFENDANT MERCEDES-BENZ USA, LLC**

COMES NOW Mercedes-Benz USA, LLC ("MBUSA") by and through undersigned counsel of record, and files this Special Appearance Answer without consenting to the jurisdiction of this court and responds to Plaintiff's Complaint ("Complaint") as follows:

**FIRST DEFENSE**

Plaintiff improperly attempted to serve MBUSA with a Complaint by mail for an action which names Mercedes-Benz South USA, LLC as Defendant.

1

## SECOND DEFENSE

Plaintiff's Complaint fails to state a claim in whole or in part upon which relief can be granted.

## THIRD DEFENSE

Plaintiff's claims are barred in whole or in part under the doctrines of waiver, estoppel, laches, and unclean hands.

## FOURTH DEFENSE

Plaintiff failed to mitigate her alleged damages, if any.

## FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part due to product misuse, abuse, modification, or alteration.

## SIXTH DEFENSE

Plaintiff's claims are barred by the doctrines of ratification, acquiescence, consent, and caveat emptor.

## SEVENTH DEFENSE

Plaintiff's claims and damages are barred in whole or in part by the written terms and disclaimers of the underlying warranties.

## EIGHTH DEFENSE

Plaintiff's claims for incidental and consequential damages, including but not limited to loss of use, lost wages, aggravation, etc., are barred, in whole, by the written terms and disclaimers of the underlying warranties.

## NINTH DEFENSE

MBUSA denies it breached any warranty, express or implied, to Plaintiff.

## TENTH DEFENSE

Any alleged non-conformities, claims, and damages are the result of superseding intervening acts or omissions by Plaintiff and/or third parties.

## ELEVENTH DEFENSE

Any alleged non-conformities do not substantially impair the use, value, or safety of the subject vehicle.

## TWELFTH DEFENSE

No act or omission by MBUSA proximately caused or contributed to Plaintiff's alleged damages, if any. Therefore, Plaintiff is barred from any recovery against Defendant.

## THIRTEENTH DEFENSE

MBUSA affirmatively pleads specific disclaimers, exclusions, warranty limitations prior to the filing of this action.

## FOURTEENTH DEFENSE

MBUSA contests the damages which are being asserted and demands strict proof thereof.

## FIFTEENTH DEFENSE

MBUSA responds to the specifically numbered Paragraphs of Plaintiff's Complaint as follows:

## HISTORY OF PURCHASE

MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in the unnumbered History of Purchase section of Plaintiff's Complaint. Therefore, the allegations are denied.

## PRELIMINARY STATEMENT

1.

MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint. Therefore, the allegations are denied.

2.

MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint. Therefore, the allegations are denied.

3.

MBUSA admits it warranted the subject vehicle in part. MBUSA denies the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

MBUSA admits it warranted the subject vehicle in part. MBUSA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint. Therefore, the allegations are denied.

## **INDENTIFICATION OF PARTY**

5.

MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint. Therefore, the allegations are denied.

6.

MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint. Therefore, the allegations are denied.

7.

Answering Paragraph 7 of Plaintiff's Complaint, MBUSA admits it is a foreign corporation authorized to transact business in the state of Georgia; that it is

engaged in the manufacture and distribution of motor vehicles; and that it provides various warranties for the vehicles it distributes. MBUSA denies the remaining allegations contained in this Paragraph as stated.

8.

MBUSA admits that it manufactured in part components of the subject vehicle. MBUSA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint. Therefore, the allegations are denied.

**FIRST CLAIM: BREACH OF WARRANTY AND/OR CONTRACT**

9.

MBUSA incorporates its responses to paragraphs 1 through 8 as fully restated herein.

10.

MBUSA denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

MBUSA denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.

MBUSA denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

MBUSA denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

MBUSA denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint. Therefore, the allegations are denied.

16.

MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint. Therefore, the allegations are denied.

17.

Answering Paragraph 17 of Plaintiff's Complaint, MBUSA admits Mercedes-Benz of Atlanta South is an independently operated dealership authorized to perform

service on certain Mercedes-Benz vehicles. MBUSA denies the remaining allegations contained in this Paragraph as stated.

18.

MBUSA denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

MBUSA denies that it sold the subject vehicle to Plaintiff. MBUSA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 of Plaintiff's Complaint. Therefore, the allegations are denied.

20.

MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Complaint. Therefore, the allegations are denied.

21.

MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Complaint. Therefore, the allegations are denied.

22.

MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Complaint. Therefore, the allegations are denied.

23.

MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Complaint. Therefore, the allegations are denied.

24.

MBUSA denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.

MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's Complaint. Therefore, the allegations are denied.

26.

MBUSA denies the allegations in Paragraph 26 of Plaintiff's Complaint, including subparagraphs (a) through (d).

27.

MBUSA denies the allegations in Paragraph 27 of Plaintiff's Complaint, including subparagraphs (a) through (c).

28.

Answering Paragraph 28 of Plaintiff's Complaint, MBUSA states the warranty provided speaks for itself. MBUSA denies the remaining allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.

MBUSA denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.

Answering Paragraph 30 of Plaintiff's Complaint, MBUSA admits that the subject vehicle received a repair at an independently owned authorized dealership. MBUSA denies the remaining allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.

MBUSA denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.

MBUSA denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.

Answering Paragraph 33 of Plaintiff's Complaint, MBUSA admits that Plaintiff communicated with it regarding the subject vehicle. MBUSA denies the remaining allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.

MBUSA denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.

Answering Paragraph 35 of Plaintiff's Complaint, MBUSA admits that Plaintiff communicated with it regarding the subject vehicle. MBUSA denies the remaining allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.

Answering Paragraph 36 of Plaintiff's Complaint, MBUSA states that any repairs for the subject vehicle were conducted by an independently owned dealership. As such, MBUSA is without knowledge or information regarding the specific alleged defects reported to the dealership. MBUSA denies the remaining allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.

MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of Plaintiff's Complaint. Therefore, the allegations are denied.

38.

MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of Plaintiff's Complaint. Therefore, the allegations are denied.

39.

Answering Paragraph 39 of Plaintiff's Complaint, MBUSA states that any repairs for the subject vehicle were conducted by an independently owned dealership. As such, MBUSA is without knowledge or information regarding the specific alleged defects reported to the dealership. MBUSA denies the remaining allegations contained in Paragraph 39 of Plaintiff's Complaint.

40.

Answering Paragraph 40 of Plaintiff's Complaint, MBUSA states that any repairs for the subject vehicle were conducted by an independently owned dealership. As such, MBUSA is without knowledge or information regarding the specific alleged defects reported to the dealership. MBUSA denies the remaining allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.

MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of Plaintiff's Complaint. Therefore, the allegations are denied.

42.

MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of Plaintiff's Complaint. Therefore, the allegations are denied.

43.

MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of Plaintiff's Complaint. Therefore, the allegations are denied.

44.

Answering Paragraph 44 of Plaintiff's Complaint, Defendant admits that it communicated with Plaintiff. MBUSA denies the remaining allegations contained in Paragraph 44 of Plaintiff's Complaint.

45.

MBUSA denies the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46.

MBUSA admits that it did not replace or repurchase Plaintiff's vehicle. MBUSA denies the remaining allegations contained in Paragraph 46 of Plaintiff's Complaint.

47.

Answering Paragraph 47 of Plaintiff's Complaint, Defendant admits that it communicated with Plaintiff. MBUSA denies the remaining allegations contained in Paragraph 47 of Plaintiff's Complaint.

48.

MBUSA denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49.

MBUSA denies the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50.

MBUSA denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.

MBUSA denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52.

MBUSA denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53.

MBUSA denies the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54.

MBUSA denies the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55.

MBUSA denies the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56.

MBUSA denies the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57.

MBUSA denies the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58.

MBUSA denies the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59.

MBUSA denies the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60.

MBUSA denies the allegations contained in Paragraph 60 of Plaintiff's Complaint.

## SECOND CLAIM: MAGNUSON MOSS WARRANTY ACT

61.

MBUSA incorporates its responses to paragraphs 1 through 60 as fully restated herein.

62.

MBUSA denies the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63.

MBUSA denies the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64.

MBUSA denies the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65.

MBUSA denies the allegations contained in Paragraph 65 of Plaintiff's Complaint.

**PRAYER FOR RELIEF**

1. (*sic*)

MBUSA denies the allegations contained in Paragraph 1 (*sic*) of Plaintiff's Complaint and denies that Plaintiff is entitled to relief.

2. (sic)

MBUSA denies the allegations contained in Paragraph 2 (*sic*) of Plaintiff's Complaint and denies that Plaintiff is entitled to relief.

**ALTERNATIVE PRAYER FOR RELIEF**

MBUSA denies the allegations contained in the unnumbered paragraph titled "Alternative Prayer for Relief" in Plaintiff's Complaint and denies that Plaintiff is entitled to relief.

MBUSA denies all allegations not specifically admitted to herein.

**WHEREFORE**, having fully responded to Plaintiff's Complaint, MBUSA prays as follows:

(a) That judgement be entered in its favor;

(b) That costs be cast against Plaintiff;

(c) That it have a trial by jury of twelve persons; and

(d) That it have such further relief as the Court deems just and proper.

This 5th day of December, 2024.

                Watson Spence LLP

                ***/s/ Michael R. Boorman***
                Michael R. Boorman
                Georgia Bar No. 067798
                Tatiana A. Mosbey
                Georgia Bar No. 588387
                600 Peachtree Street NE
                Suite 2320
                Atlanta, Georgia 30308
                Telephone: (229) 436-1545
                Facsimile: (229) 436-6358
                mboorman@watsonspence.com
                tmosbey@watsonspence.com
                *COUNSEL FOR DEFENDANT*
                *MERCEDES BENZ USA, LLC*

**CERTIFICATE OF SERVICE**

    I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

| | |
|---|---|
| Bonita Hunt | Mark Lefkow |
| 1718 Connally Drive | Xiaoya Zhu |
| East Point, GA 30344 | COPELAND, STAIR, VALZ & LOVELL, LLP |
| md2bhunt@icloud.com | 191 Peachtree Street, N.E. |
| *Plaintiff* | Suite 3600 |
| | Atlanta, Georgia 30303 |
| | mlefkow@csvl.law |
| | xzhu@csvl.law |
| | *Counsel for Thor Motor Coach* |

This 5th day of December, 2024.

                                             WATSON SPENCE LLP

                                             */s/ Michael R. Boorman*
                                             Michael R. Boorman
                                             Georgia Bar No. 067798