# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| BONITA HUNT,<br><br>    Plaintiff,<br><br>v.<br><br>THOR MOTOR COACH, INC. AND MERCEDES BENZ SOUTH USA, LLC,<br><br>    Defendant. | CIVIL ACTION FILE NO.:<br>1:24-CV-4666-VMC |

## SPECIAL APPEARANCE MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Comes Now, Mercedes-Benz USA, LLC ("MBUSA" herein) by special appearance only, and files this Motion to Dismiss Plaintiff's Complaint showing the Court as follows:

## STATEMENT OF FACTS

Plaintiff filed a Complaint in this Court on October 11, 2024, naming Thor Motor Coach, Inc. and Mercedes-Benz South USA, LLC as defendants. On October 22, 2024, Plaintiff mailed a package to MBUSA with a copy of the Civil Cover Sheet, the Complaint, a Summons, and two Proof of Service Documents affirming service on Thor Motor Coach, Inc. Exhibit A.

Mercedes-Benz South USA, LLC is not an entity owned in whole or in part

by MBUSA. As a matter of fact, Mercedes-Benz South USA is not an entity at all. Plaintiff named Mercedes-Benz South USA, LLC in her Complaint but attempted service on MBUSA. Exhibit A.

Plaintiff's attempt at service consisted only of mailing a copy of the Civil Cover Sheet, Complaint, Summons and Proof of Service to MBUSA via certified mail. Exhibit A. Plaintiff did not effect personal service on MBUSA. Exhibit A. Plaintiff's package did not include a certificate for Proof of Service to MBUSA primarily because there was no personal service on MBUSA. Exhibit A. The package included two Proof of Service documents stating that Thor Motor Coach, Inc. was served via certified mail. Exhibit A. The certificate for Proof of Service is signed under perjury of law by Plaintiff affirming that she acted out service which is in violation of the Federal Rules of Civil Procedure. Exhibit A.

Plaintiff's Complaint contains allegations for breach of warranty and contract under the Magnuson Moss Warranty Act in regard to a 2022 Thor Sanctuary Class B recreational vehicle.

## ARGUMENT AND CITATION TO AUTHORITY

I. **MBUSA is an Improper Party to this Action as Plaintiff Failed to Name the Correct Entity and Improperly Served MBUSA with her Complaint.**

Plaintiff's Complaint is against named defendants Thor Motor Coach, Inc. and Mercedes-Benz South USA, LLC. Despite naming Mercedes-Benz South USA,

LLC in her Complaint Plaintiff attempted to serve MBUSA in its place. MBUSA is not associated with Mercedes-Benz South USA, LLC and cannot, and does not, accept service on behalf of that entity.

Further, it appears that Mercedes-Benz South USA, LLC may not even be a valid entity at all.[1] To the extent that Plaintiff was attempting to serve Mercedes-Benz of South Atlanta, LLC[2] or Mercedes-Benz of Atlanta South, MBUSA[3] is not a stand in for either of these entities and does not accept service on their behalf.

**II.     Plaintiff's Complaint Fails as Plaintiff Failed to Properly Serve MBUSA with her Complaint and Failed to File a Proof of Service.**

The Federal Rules of Civil Procedure are clear in their guidelines for service. FRCP 4(c) states in part:

> (1) In General. A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.
> (2) By Whom. Any person who is at least 18 years old and not a party may serve a summons and complaint.

Additionally, FRCP 4(l) states in part:

---

[1] There is company named Mercedes-Benz South USA, LLC registered on the Georgia Secretary of State website.
[2] According to the Georgia Secretary of State business search website, Mercedes-Benz of South Atlanta, LLC was dissolved on 12/7/2016.
[3] If Plaintiff was attempting to name the dealership, Mercedes-Benz of Atlanta South in her Complaint, MBUSA still cannot accept service on their behalf as all dealerships are independently owned and operated.

> (*l*) Proving Service.
>> (1) *Affidavit Required.* Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit.

First, Plaintiff failed to name the proper entity., It is unclear from her pleading, but if Plaintiff meant to name MBUSA as a defendant, she failed to personally serve it in accordance with federal rules. Plaintiff simply sent MBUSA's registered agent a package via certified mail with the Civil Cover Sheet, a Complaint naming Mercedes Benz South USA, a Summons, and Proof of Service. Exhibit A. This is not a valid method of service provided for by the Federal Rules, and Plaintiff never personally served MBUSA as required by the Federal Rules.

Second, Plaintiff failed to file any Proof of Service with the Court at all. FRCP 4(l). Plaintiff improperly attached a "Proof of Service" page to the Complaint she mailed to MBUSA but never filed same with the Court. Exhibit A.

Plaintiff's "Proof of Service" does not serve to affirm that service was ever effected on MBUSA at all as she included two "Proof of Service" documents for Thor Motor Coach, Inc. charging that "I personally served the summons on the individual at (place) certified mail." Exhibit A.

```
                              PROOF OF SERVICE
        (This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))

    This summons for (name of individual and title, if any)   Thor Motor Coach, Inc.
was received by me on (date)                        .

    ☐ I personally served the summons on the individual at (place)   certified mail
                                                        on (date)                  ; or

    ☐ I left the summons at the individual's residence or usual place of abode with (name)
                                    , a person of suitable age and discretion who resides there,
    on (date)              , and mailed a copy to the individual's last known address; or

    ☐ I served the summons on (name of individual)                                  , who is
        designated by law to accept service of process on behalf of (name of organization)
                                                        on (date)                  ; or

    ☐ I returned the summons unexecuted because                                     ; or

    ☐ Other (specify):


    My fees are $            for travel and $            for services, for a total of $   0.00   .

    I declare under penalty of perjury that this information is true.

Date:   10/22/2024                          /s/ Bonita Hunt
                                              Server's signature

                                        Bonita Hunt Pro Se Plaintiff
                                            Printed name and title

                                            1718 Connally Dr.
                                            East Point, GA  30344
```
[4]

Even if one of Plaintiff's two Proofs of Service on Thor were simply a scrivener's error, as noted above, service by certified mail is not valid under federal law. Assuming, but in no way admitting, that one of Plaintiff's "Proof of Service" documents assigned to Defendant Thor was meant to be for MBUSA, it is still invalid as "[e]xcept for service by a United States marshal or deputy marshal, proof must be by the server's affidavit" and a plaintiff who is party to an action cannot

---

[4] Plaintiff mailed two identical "Proof of Service" documents to MBUSA both which highlight proof of service to Thor Motor Coach, Inc.

serve a Defendant with a Complaint. FRCP 4(c)(2). As highlighted above, Plaintiff's Proof of Service states that *she* personally served the summons via certified mail. Exhibit A.

In an analogous case, *Stinecipher v. U.S.*, 239 F.R.D. 282, 283 (2006) a *pro se* plaintiff attempted to effectuate service himself via certified mail. *Id*. In *Stinecipher*, the Plaintiff signed the notice of service. *Id*. The certification of service indicated to the court that Plaintiff served the summons on Defendant himself via certified mail and the district court correctly found that dismissal was appropriate where a "plaintiff himself signed the notice of service… by certified mail." *Id*. Further in, *Ojelade v. Coleman*, 258 Fed.Appx. 257, 257 (2007) the Eleventh Circuit Court of Appeals upheld the district court's dismissal of a *pro se* Complaint that was served on a Defendant via USPS mail, affirming that Plaintiff failed "to enlist 'any person who is not a party and who is at least 18 years of age' to deliver a copy of the summons and complaint to [Defendant], and his use of USPS was not a proper substitute because USPS was not a natural person and cannot effect service."

Just like *Stinecipher and Ojelade*, Plaintiff in the case at bar signed the notice of service herself and mailed service documents via certified mail. Because Rule 4(c)(2) requires that service be effected by "any person who is not a party," and because the plaintiff herself has declared under perjury of law that she effected service, plaintiff has failed to comply with the Federal Rules. As such, as in

*Stinecipher and Ojelade*, the Federal Rules require that the court dismiss this case. *Id*.

## III. Plaintiff's Complaint Fails as Plaintiff's Complaint Does Not Assert a Federal Question and thus this Court lacks Jurisdiction.

Plaintiff brings this case to the court based on federal question jurisdiction only; however, Plaintiff asserts no federal question in her Complaint. Exhibit A, Civil Cover Page. Plaintiff presents to this Court two counts I. Breach of Warranty and/or Contract and II. Magnuson Moss Warranty Act.

Whether an action raises a federal question is governed by the well-pleaded complaint rule which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Behlen v. Merrill Lynch,* 311 F.3d 1087, 1090 (11th Cir.2002). It is well established the MMWA does not provide an independent cause of action for state law claims, only additional damages for breaches of warranty under state law. *Walsh v. Ford Motor, Co*., 807 F.2d 1000, 1016 (D.C.Cir.1986); *Dildine v. Town & Country Truck Sales, Inc*., 259 Ga.App. 732, 577 S.E.2d 882, 884 (2003) ("To recover [under the Warranty Act], ... [the plaintiff] must show that [the defendant] breached the implied warranty of merchantability arising under Georgia law."). Absent viable breach of warranty claims, Plaintiff's claim for damages under the MWWA also fails. *Id*.

Despite Plaintiff's references to federal law in her Complaint her cause of action for breach of warranty or contract does not present a federal question and instead presents a state law issue at best, that must be adjudicated in state court. *Ware v. Mercedes Benz Financial Services USA, LLC*, Case No. 3:22cv23422-MCR-HTC, 2022 WL 18717546 1, 2 (2022).

As such, federal question jurisdiction does not reside here, this Court lacks jurisdiction over this claim and Plaintiff's Complaint must be dismissed.

## CONCLUSION

Wherefore, MBUSA respectfully requests that the Court grant its Motion to Dismiss Plaintiff's Complaint.

Respectfully submitted, this 5th day of December, 2024.

Watson Spence LLP

***/s/ Michael R. Boorman***
Michael R. Boorman
Georgia Bar No. 067798
Tatiana A. Mosbey
Georgia Bar No. 588387
600 Peachtree Street NE
Suite 2320
Atlanta, Georgia 30308
Telephone: (229) 436-1545
Facsimile: (229) 436-6358
mboorman@watsonspence.com
tmosbey@watsonspence.com
*COUNSEL FOR DEFENDANT*
*MERCEDES BENZ USA, LLC*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

I hereby certify that this document was prepared in Times New Roman, 14-point font pursuant to LR 5.1(c), NDGa.

Respectfully submitted this 5th day of December, 2024.

WATSON SPENCE LLP

**/s/ Michael R. Boorman**
Michael R. Boorman
Georgia Bar No. 067798

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

| | |
|---|---|
| Bonita Hunt<br>1718 Connally Drive<br>East Point, GA 30344<br>md2bhunt@icloud.com<br>*Plaintiff* | Mark Lefkow<br>Xiaoya Zhu<br>COPELAND, STAIR, VALZ & LOVELL, LLP<br>191 Peachtree Street, N.E.<br>Suite 3600<br>Atlanta, Georgia 30303<br>mlefkow@csvl.law<br>xzhu@csvl.law<br>*Counsel for Thor Motor Coach* |

This 5th day of December, 2024.

WATSON SPENCE LLP

**/s/ Michael R. Boorman**
Michael R. Boorman
Georgia Bar No. 067798