# EXHIBIT A



ReadyPost

U.S. POSTAGE PAID
FCM LG ENV
RIVERDALE GA 30274
OCT 22, 2024

$7.72

S2Y324 D5G7365-07

Retail

RDC 99

30041

FROM:
Bonity Fbnt
Wilke City Zik
East Point FA 33214

TO:
Warren Bent
410 teccuige tachwan
Suite 4215
Chamblee GA 30041

JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
BONITA HUNT
1718 Connelly Dr.
East Point, GA 30344

**(b)** County of Residence of First Listed Plaintiff **Fulton**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro Se

## DEFENDANTS
Thor Motor Coach, Inc.
c/o CT Corporation System, S/A, 150 West Market St. Ste. 800
Indianapolis, IN 46515

County of Residence of First Listed Defendant **MARION**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | **PERSONAL INJURY** ☐ 365 Personal Injury - Product Liability | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☒ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | **SOCIAL SECURITY** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 861 HIA (1395ff) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 862 Black Lung (923) | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 864 SSID Title XVI | |
| | | ☐ 550 Civil Rights | ☐ 865 RSI (405(g)) | |
| | | ☐ 555 Prison Condition | **FEDERAL TAX SUITS** | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| | | **IMMIGRATION** | | |
| | | ☐ 462 Naturalization Application | | |
| | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 USC 2301 et seq.
Brief description of cause:
MAG MOSS WARRANTY ACT

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE 10/11/2024

SIGNATURE OF ATTORNEY OF RECORD
/s/ Bonita Hunt

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

[ Print ]   [ Save As... ]   [ Reset ]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
GEORGIA

BONITA HUNT
1718 CONNALLY                          CASE NO.
EAST POINT, GEORGIA 30344

     PLAINTIFF

                                   COMPLAINT AND JURY DEMAND

    - VS. –

THOR MOTOR COACH, INC.
C/O CT CORPORATION SYSTEM, S/A
150 WEST MARKET ST., STE 800
INDIANAPOLIS, IN 46515

AND

MERCEDES-BENZ SOUTH USA, LLC
C/O COMMERCIAL REGISTERED AGENT, S/A
C T CORPORATION SYSTEM
410 PEACHTREE PARKWAY SUITE 4245
CUMMING, GEORGIA 30041

  DEFENDANTS

---

## HISTORY OF THE PURCHASE

The plaintiff purchased the recreational vehicle (RV) solely for family use,

intending it to be a source of enjoyment for family and friends during travel

and leisure. The RV was never intended for business or corporate

purposes, even though the vehicle was placed in the name of the lien

holder, Health Chex Medical, due to financing challenges. Because of the plaintiff's low credit score, financing through traditional means was not available after several attempts. Consequently, the plaintiff had to use business funds to complete the purchase.

Despite the RV being in the business's name, the insurance was placed in the plaintiff's personal name, and the plaintiff personally paid for the tag. Additionally, the plaintiff used personal savings from their Navy Federal account, wired directly to the dealer, along with a $10,000 payment made on a Capital One card and $5,000 from a Wells Fargo account. The RV's purpose has always been for personal, family use, and not for any business-related operations.

Shortly after taking delivery of the RV, significant defects arose that have severely impacted its usability. These ongoing issues have not only caused frustration and inconvenience but have also deprived the plaintiff's family and friends of the intended enjoyment.

## PRELIMINARY STATEMENT

1.     This case involves claims asserted under the Michigan and/or Georgia and/or Indiana Commercial Code, the Magnuson-Moss Warranty Act.

2. Jurisdiction exists with this court because a federal claim exists in which there is more than $50,000 in controversy under 15 USC 2301 et seq, invoking 28 USC 1331, and/or the amount in controversy is more than $75,000 and is between citizens of different states, invoking 28 USC 1332.

3. This case involves a defective 2022 Thor Sanctuary Class B recreational vehicle that each defendant warranted and contracted to warrant in whole or in part, but which they each were not able to repair within a reasonable number of chances or a reasonable amount of time and whose warranties and/or contracts to warranty each defendant breached.

4. The vehicle which is the subject of this dispute was built and warranted by Thor Motor Coach, Inc. ("TMC") and Mercedes-Benz USA, LLC ("Mercedes") in whole or in part, was acquired by Plaintiff in Michigan and was defective when acquired and had defects, problems, and malfunctions when delivered to Plaintiffs, and ineffective warranty repair attempts were made upon the subject vehicle by TMC and Mercedes and/or their respective authorized representatives and agents in Michigan and Georgia, and the place where the relationship of the parties arose in Michigan because the defendants' respective warranties and other obligations of each defendant were given to and received by Plaintiff in Michigan and each defendant directly interacted with Plaintiff in Michigan and Georgia.

## IDENTIFICATION OF PARTY

5.  BONITA HUNT is a natural person domiciled and residing in Georgia and is a consumer and buyer within the meaning of applicable laws.

6.  TMC was at all times relevant a corporation authorized to do business and doing business in Michigan, Georgia, Indiana, and elsewhere and is the manufacturer and warrantor in whole or in part of the subject RV that Plaintiff acquired from General RV Center and has its principal place of business is in Indiana. TMC was, always, relevant and engaged in selling and servicing recreational vehicles through its authorized dealerships and agents, which it maintains in Michigan, Georgia, Indiana, and elsewhere. TMC designed, constructed, assembled, built, marketed, and distributed the finished subject RV.

7.  Mercedes was at all times relevant a corporation authorized to do business and doing business in Georgia and Michigan and Indiana and elsewhere and are the manufacturer and warrantor in whole or in part of the subject RV that Plaintiff acquired from

General RV Center and its principal place of business is in Michigan. Mercedes was, at all times, relevant and engaged in selling and servicing recreational vehicles through its authorized dealerships and agents, which it maintains in Michigan, Georgia, Indiana, and elsewhere. Mercedes is an original producer of completed components that are furnished to a second vehicle manufacturer, such as TMC in this case, for installation in a recreational or other vehicle before retail sale to a buyer and is a supplier who engaged in the business of making a consumer product, specifically the subject vehicle's chassis and its related parts, directly or indirectly available to consumers like Plaintiff.

8.    The vehicle at issue in this case was manufactured as a complete vehicle in Indiana, for distribution in Michigan and/or Georgia and/or Indiana and elsewhere and was warranted in whole or part by TMC, using a chassis and its related parts which was manufactured and warranted in whole or part by Mercedes.

FIRST CLAIM: BREACH OF WARRANTY AND/OR CONTRACT

9.    The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

10.   This claim is for breach of warranty and/or contract by each defendant in Michigan and/or Georgia and/or Indiana.

11.   Plaintiff brings this action for monetary damages and equitable remedies because of serious and chronic defects that the subject RV has experienced and exhibits in whole or in part.

12.   The RV is inherently defective in materials, design, and/or workmanship and the defects appeared and arose during the term of each defendant's warranty shortly after the Plaintiff took delivery

of the subject RV. Despite multiple repair opportunities, TMC and Mercedes and their respective authorized representatives and agents have been unable to correct the defects after multiple repair opportunities.

13. **Application of the Repair Doctrine**: The statute of limitations for breach of warranty claims has been tolled by the defendants' ongoing and unsuccessful repair attempts. Under the repair doctrine, the statute of limitations does not begin to run until the plaintiff has been given a reasonable opportunity to allow the defendants to fulfill their repair obligations. Defendants' repeated failure to cure the defects after multiple repair attempts has extended the time period within which the plaintiff may file this action. Therefore, this action is timely, and the statute of limitations defense is without merit.

14. As a result of the above, and the allegations below, inter alia, each defendant breached its respective warranty and/or contract of warranty to the injury of Plaintiff and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiff.

15. At all times relevant, General RV Center was a supplier and merchant and an authorized representative and agent of one or both defendants. General RV Center was authorized by one or both defendants to act for it in all respects related to warranty repair work performed or attempted on the subject vehicle. The plaintiffs acquired the subject RV from General RV Center.

16. At all times relevant, Camping World Georgia was a supplier and merchant and an authorized representative and agent of one or both of the defendants. Camping World Georgia was authorized by one or both of the defendants to act for it in all respects related to warranty repair work performed or attempted on the subject vehicle. Repair attempts upon the subject RV were by Camping World Georgia.

17. At all times relevant, Mercedes-Benz of Atlanta South was a supplier and merchant and an authorized representative and agent of one or
both of the defendants. Mercedes-Benz of Atlanta South was authorized by one or both of the defendants to act for it in all respects related to warranty repair work performed or attempted on the subject vehicle. Repair attempts upon the subject RV were by Mercedes-Benz of Atlanta South.

18. Plaintiff experienced repeated problems with various aspects of the RV including the parts which were warranted by TMC and the parts which were warranted by Mercedes.

19. On or about October 29, 2021, the parties entered into a consumer transaction, in which the Plaintiff agreed to acquire from General RV Center agreed to sell to the Plaintiff, and each defendant contracted and/or agreed to warrant the vehicle, in whole or in part, to be free from defects and/or that they would repair and/or replace any defect which they respectively contracted and/or warranted against, the goods being a certain 2022 Thor

Sanctuary Class B recreational vehicle believed to bear VIN #W1X4EBVY1LT031340, and whose total cost was about $130,000.

20. Plaintiff acquired the vehicle in reliance on the existence of the written warranty and/or contract of guarantee from both Defendants and on advertising representations and/or warranties of each Defendant.

21. TMC provided Plaintiff with a 1 year written warranty on the RV, Plaintiff was not allowed to review the warranty prior to purchasing the RV, and that was unfair and/or deceptive and/or unconscionable to Plaintiff.

22. Unbeknownst to Plaintiff, the TMC warranty attempts to limit Plaintiff's rights under the warranty, but such limitations are not enforceable because they are unconscionable since there was no meeting of the minds regarding the limitations and the limitations are buried in the written warranty itself, and because the warranty failed of its essential purpose.

23. Unbeknownst to Plaintiff, the TMC warranty attempted to limit Plaintiff's remedies under the warranty to what it calls a "back-up remedy", but such limitation is not enforceable because there was no meeting of the minds, so Plaintiff did not intend the backup remedy to be their sole and exclusive remedy, the warranty failed of its essential purpose, the Plaintiff substantially complied with the warranty, the warranty failed to provide Plaintiffs with a fair quantum of remedy, and the back-up remedy is contrary to public

policy.

24. An integral part of the purchase of the RV was the representations and advertising representations made to Plaintiff and the public by TMC and by Mercedes.

25. Plaintiff would not have purchased the subject RV but for the representations made by TMC and by Mercedes to induce Plaintiff into making the purchase.

26. Any limitation on the TMC or Mercedes express warranty is unconscionable according to applicable Law. Specifically:

   a. If made, the limitation was made in a pre-printed adhesion contract for which the term could not be negotiated.

   b. If made, the limitation and/or disclaimer was the result of legal assistance to TMC and/or Mercedes, which they each were able to purchase because of the relative advantages they maintain over the Plaintiff.

   c. The substance of the bargain should not allow TMC or Mercedes to sell a very expensive defective product and receive a large profit, while at the same time washing their hands of the product and leaving no reasonable recourse for Plaintiff.

   d. If made, the disclaimers and/or limitations are each a direct result of a superior bargaining position because of their relative sophistication and knowledge and/or is a calculated and intended method designed to attempt to escape liability for producing distributing and selling a defective RV.

27. Pursuant to applicable law, Plaintiff received an implied warranty that the product would be fit for its ordinary purpose and/or use. Pursuant to applicable, Plaintiff received an implied warranty of merchantability. Furthermore,

   a. These implied warranties were each not disclaimed or could not be disclaimed, or

   b. In the alternative were each not properly disclaimed in that the disclaimer was not written so that a reasonable person ought to have noticed or comprehended the same, specifically:

      i. It was not written in all capitals.

      ii. It was not in a different font or color; and

      iii. It was not on the face of the retail installment contract and/or warranty; or

   c. It was not conscionable under the Magnuson Moss Warranty Act and/or applicable law. Specifically:

      i. If made, the disclaimer was made so in a pre-printed adhesion contract for which the term could not be negotiated.

      ii. If made, the disclaimer was a result of legal assistance to TMC and/or Mercedes, and said entities were able to purchase legal assistance because of the relative advantages they maintain over the Plaintiff;

      iii. Moreover, the substance of the bargain is such that TMC and Mercedes should not be permitted to sell an expensive defective product and to receive a large profit,

while at the same time washing their hands of the
product leaving no reasonable recourse for Plaintiff.

iv.    If made, the disclaimers and/or limitations are each a
a direct result of a superior bargaining position because
of the relative sophistication and knowledge and/or is a
calculated and intended method designed to attempt to
escape liability for producing distributing and selling a
defective RV.

28.    The purpose of each defendant's warranty was to get the defects for
which each defendant was responsible in the RV fixed within a
reasonable amount of time and within a reasonable number of
attempts if a defect arose. A secondary purpose of each defendant's
warranty was to give the plaintiff confidence in the reliability and
quality of the completed and finished RV. Another secondary
purpose of each defendant's warranty was to give Plaintiff
confidence in each defendant as a company.

29. After acquiring the vehicle, Plaintiff discovered that it did not conform to the representations of either defendant inasmuch as it developed continuing malfunctions, defects, and problems and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiff.

30. The vehicle has been in for warranty and defect repair and service multiple times, under each defendant's respective warranty, for a laundry list of defects, problems, and malfunctions far exceeding what a reasonable person would expect if the vehicle and its parts had been manufactured right in the first place or repaired right by defendants. The vehicle has been out of service because of repairs to the RV for an unreasonable number of days and a time far exceeding what a reasonable person would reasonably expect for the quality of which each Defendant represented its product and/or this RV would be. The service work was performed under warranties from each defendant at various times and dates since purchase.

31. The defects in the RV, which were substantial and existed in the materials and workmanship caused by each defendant, included but were not limited to, TPMS Coming on Intermittently, Shock Absorbers on The Rear Axle, Very Bouncy And Noisy, Star Diagnosis, Piper Leaking Under Fridge, Broken Magnet on the door to hold shut, the main cabinet on the passenger side ceiling barely hanging (ready to fall into the unit), mold in the RV,

Control Panel, the fridge won't stay on over 24 hours, the bathroom door won't close, the faucet in the kitchen is loose, the weather stripping on the sliding door missing, floor panels coming loose (behind the passenger side), the side step is broken, the back windows are off track water leaking into unit both driver side and passenger side, water coming in from the rear window, among other things.

32. Plaintiff has been unable to use the vehicle in the expected, normal and customary manner because of the substantial defects problems and malfunctions experienced with the subject RV and the Plaintiff's loss of confidence in the reliability of the subject RV and its parts warranted by each Defendant and the loss of confidence in the ability of each defendant jointly and severally to live up to its warranties and/or promises and/or representations.

33. Each defendant was notified of defects and non-conformities in the vehicle and their respective authorized repair facility's failed repair attempts repeatedly prior to filing this case.

34. In all respects, Plaintiff substantially if not completely performed their obligations under each defendant's warranty and each defendant did not perform its respective obligations, as set forth herein above and below.

35. Because of the contract and/or warranty-covered defects, Plaintiff

notified each defendant and/or one of its respective authorized

servicing dealers and agents of the numerous defects and on various

dates delivered the motor coach into the possession of each defendant

and/or one of its respective authorized servicing dealers and agents

at their cost and/or expense beginning shortly after the sale.

36. The RV was subject to repair by Mercedes Benz Atlanta South

technician under one of the defendants' warranties on June 20,

2022, for about 1 day for 4 defect reported:

- Software update
- RV acted like it didn't want to start.
- RV will drive up to 15 mph and lose power
- Water leak

37. The RV was subject to repair by a General RV Center technician

under one of the defendants' warranties on August 8, 2022, for about

1 day for 3 defect reported:

- Water coming in from ODS and DS Rear Small Windows
- Water leak
- Excessive Bouncing

38. On August 31, 2022, the RV was back in one of the defendants'

warranty authorized repair facilities for another 3 days for repair of

defects reported:

- Found the passenger side front tire had an after-market TPMS sensor, which could cause intermitted communications issues to the TPMS control module

- Driving over small bumps in roads or over speed bumps causes the RV to become bouncy and noisy.

- Found the exhaust hitting a heat shield covering the aftermarket

generator, found the aftermarket grey water tank to be semi-loose which can cause noises, and also found the aftermarket island sink/stove to be causing a squeaking noise inside the vehicle. Replaced rear shocks. Unable to guarantee to fix customer concerns.

- 2 Shock Absorbers on Rear Axle (unable to guarantee to fix customer concern)

- Star Diagnosis system

39. On September 8, 2022, the RV was back in one of the defendants' warranty-authorized repair facilities Mercedes Benz Atlanta South for another 1 day, and another list of more defects was reported:

- VS 3MOGE20 ECU and TCU SOFTWARE;
- Check Oil Light Indicator
- The TPMS comes on intermittently
- Adjusted The VINSP-C
- Perform VINSP-C Multipoint Visual

40. On September 12, 2022, the RV was again back in one of the defendants' warranty-authorized repair facilities Mercedes Benz Atlanta South for more days for another defect reported:

- Replaced Nox Sensor
- Checked Engine Light, SCR Catalytic converter has a malfunction
- Inspect Driver sidestep, screw is missing
- VINSP-C Vehicle Inspection
- Checked And Corrected Tire Pressures
- Changed engine oil and filter

41. On June 12, 2023 the RV was again back in one of the defendants' warranty authorized repair facilities Camping World Georgia for a promised date of 36 days but the RV remained in the authorized repair facility for 198 days.

- Storm chaser light innop

- Sidestep broken (driver side)
- Back windows off track (passenger side)
- Heavy-duty shocks Needed
- Shocks Diag.
- Windows off track (driver side)
- One screw for the glass is missing (Kitchen)
- Faucet In the Kitchen is loose
- Weatherstripping on sliding door missing
- Floor panels coming loose (behind passenger seat)
- Control panel not coming up
- Storage beneath glove compartment loose (stripping)
- Fridge won't stay on over 24 hours
- Bathroom door won't close
- TV Mount is loose
- Mold

42. Then on December 27, 2023, the RV was again back in one of the defendants' authorized repair facilities for 4 more days of defects reported, only for Plaintiff to subsequently find that more defects and problems still existed thereafter:

- Storm chaser light does not work

43. To make matters worse, following April 5, 2024, more repairs were needed, Mercedes of Atlanta that the check engine light was back on. The NOX sensor of the catalytic converter is malfunctioning. There was a park recall and a Park Lock malfunction.

44. In addition to numerous phone calls, a series of written emails occurred between the parties, with Plaintiff sending and receiving emails while in Georgia for most if not all of them.

45. After the discovery of numerous defects, the RV was back in the repair shop multiple times and was out of service a total of about 230 days or more in the first 21 months and accumulating

additional warranty-covered defects since its acquisition, Plaintiff notified TMC that they wanted their money back, but the defendant would not do that.

46. In spite of each defendant's obligations, when Plaintiff complained of the inability of each defendant and its respective authorized warranty-repair facility to repair the vehicle, each defendant did not repair or replace, or repurchase the subject vehicle.

47. Prior to filing this case, including on September 12, 2024 and October 1, 2024 and one or more other dates, Plaintiffs provided notice to each defendant about its respective abusive and/or unfair and/or deceptive and/or unconscionable acts, practices and failures to live up to its warranty and/or contract.

48. Instead of performing as represented, each defendant did not repair all defects in the vehicle once and for all time. In short, the defects were not repaired, Plaintiff lost all confidence in the reliability and quality of the RV and the respective parts that each defendant warranted, and Plaintiff lost all confidence in each defendant as a company.

49. As a result, each defendant breached its respective express and/or implied warranties.

50. As a result, each defendant's warranty and/or contract of warranty failed for its respective essential purpose and any limitations contained within each warranty and/or contract of warranty are null and void and Plaintiff are entitled to all applicable legal and equitable remedies in law.

51. In addition, any limitations contained within each warranty and/or contract of warranty are null and void and without consideration and Plaintiffs are entitled to all applicable legal and equitable remedies in law.

52. Through its advertising and otherwise, each Defendant represented that the recreational vehicles or parts thereof which they built and/or assembled and/or warranted were fit for the purpose for which they were respectively designed, that they were safe and suitable for their intended designed use, reliably operable for the purpose of enabling private transportation and use, and Plaintiff acquired the vehicle in reliance upon the belief that each Defendant possessed a high degree of manufacturing skill and judgment.

53. Through its advertising and otherwise, each Defendant represented that the recreational vehicles or parts thereof which they each manufactured were of merchantable quality, fit and in proper condition for the ordinary use for which such were designed and used, and Plaintiffs relied on such, but the vehicle and the parts thereof which each defendant warranted and are involved in this case were not, however, of merchantable quality.

54. The malfunctions and defects in the vehicle and its warranted parts severely and substantially impaired its use and/or safety and/or value to Plaintiff.

55. Each defendant's failure to timely fix all of the defects in their respectively warranted portion of the finished and completed RV has caused Plaintiffs to lose confidence in the reliability of the

completed, finished subject RV and in the ability of each defendant to repair the vehicle's defects.

56. Plaintiff provided each defendant and/or one or more of its respective authorized dealers with a reasonable number of opportunities to repair the warranted parts of the vehicle, but they have each neglected, failed, refused or otherwise been unable to do so within a reasonable amount of time or a reasonable number of attempts.

57. As a result of the above facts, each defendant breached its respective warranties and/or contract of warranty and/or representations with respect to the completed, finished vehicle.

58. One or more of the defects and malfunctions in the vehicle and its warranted parts were covered under the terms of one or both defendant's warranties and/or contract of warranty, and each defendant failed to repair the vehicle, thereby diminishing the use and/or safety and/or value of the vehicle and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiff.

59. Each defendant and/or one or more of its respective authorized dealers and agents had notices of the breaches of the warranty and/or contract of warranty and the defective condition of the subject motor vehicle within a reasonable time.

60. Plaintiffs suffered and shall continue to suffer actual, incidental and consequential damages as a direct and proximate result of the inability or other failure of each defendant's authorized representatives and agents to repair or replace the vehicle or refund

its price.

## SECOND CLAIM: MAGNUSON MOSS WARRANTY ACT

61.  The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

62.  This claim is for the breach of express and/or implied warranties and/or contract of warranties by each defendant and/or each defendant's violation of its obligations under the Magnuson-Moss Warranty Act, 15 U.S.C. 2301, et seq, including but not limited to its obligations to comply with its warranties and/or contract of warranties and/or to make its warranty term disclosures and its actions in full compliance with all provisions of the Warranty Act and its applicable regulations.

63.  As a result of the above, among other things, each defendant has breached its obligations under the Magnuson-Moss Warranty Act and/or its applicable disclosure and/or other regulations.

64.  As a result of the above, among other things, each defendant breached its obligations to make its warranty term disclosures and its actions in full compliance with all provisions of the Magnuson-Moss Warranty Act and the applicable Code of Federal Regulations.

65.  As a result of the above, inter alia, each defendant is in breach of its respective warranty to Plaintiffs and thereby in violation of the Magnuson-Moss Warranty Act.

WHEREFORE, judgment is demanded against each defendant as

deemed proper and lawful by the Court, cumulatively and/or alternatively as follows:

## PRAYER FOR RELIEF

1. On the first claim, statutory and other damages, remedies, and relief as deemed proper and lawful by the Court, for more than $50,000 and in such amount as may be proven at trial.

2. On the second claim, statutory and other damages, remedies, and relief as deemed proper and lawful by the Court, for each violation that may be proven at trial.

## ALTERNATIVE PRAYER FOR RELIEF

Or, in the alternative to the damages set forth in the prayer above on any appropriate claim as proven by the evidence and allowed by law, rescission and/or revocation of acceptance plus all damages and/or statutory remedies and relief as deemed proper, equitable, and lawful by the Court, for each violation which may be proven at trial.

Plus, on each claim, expenses of suit and litigation, interest from the date of acquiring the RV, and an Order finding Plaintiff to have rescinded and/or revoked acceptance, reasonable attorney fees, plus all costs, and any and all other legal and equitable relief deemed necessary and just.

Plaintiffs demand a trial by jury on all claims and issues.

Respectfully submitted,

/s/ Bonita Hunt

Pro Se
1718 Connally Dr
East Point, GA 30344
Telephone:      770.317.5418
Email:          md2bhunt@icloud.com

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia

| | |
|---|---|
| BONITA HUNT, et al. | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. |
| Thor Motor Coach, Inc., et al. | ) |
| | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Thor Motor Coach, Inc.
c/o CT Corporation System, S/A
150 West Market St., Ste. 800
Indianapolis, IN 46515

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Bonita Hunt
1718 Connally, Dr.
East Point, GA 30344
770-317-5418

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____10/22/2024_____     _____
*Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*   Thor Motor Coach, Inc.

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)*   certified mail

_____ on *(date)* _____ ; or .

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: ____10/22/2024____          _____ /s/ Bonita Hunt
                                                    *Server's signature*

                                        _____ Bonita Hunt Pro Se
                                                    *Printed name and title*

                                            1718 Connally Dr.
                                            East Point, GA  30344
                                        _____
                                                    *Server's address*

Additional information regarding attempted service, etc:


| Print | Save As... | | Reset |

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia

| | |
|---|---|
| BONITA HUNT, et al. | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. |
| Thor Motor Coach, Inc., et al. | ) |
| | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Mercedes Benz USA, LLC
c/o Commercial Registered Agent, S/A
CT Corporation System
410 Peachtree Parkway Suite 4245
Cumming, GA 30041

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:     Bonita Hunt
1718 Connally Dr.
East Point, GA  30344

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:     _____10/22/2024_____                    _____
                                                                                    *Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*  Thor Motor Coach, Inc.

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)*  certified mail _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.


Date: ____10/22/2024____                    _____ /s/ Bonita Hunt  _____
                                                             *Server's signature*

                                            Bonita Hunt Pro Se Plaintiff
                                            _____
                                                   *Printed name and title*

                                                 1718 Connally Dr.
                                                 East Point, GA  30344
                                            _____
                                                    *Server's address*

Additional information regarding attempted service, etc:

| Print | Save As... | | Reset |