IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BONITA HUNT,<br><br>　　Plaintiff,<br><br>v.<br><br>THOR MOTOR COACH, INC. AND MERCEDES BENZ SOUTH USA, LLC,<br><br>　　Defendant. | CIVIL ACTION FILE NO.:<br>1:24-CV-4666-VMC |

**SPECIAL APPEARANCE BRIEF IN SUPPORT OF ITSMOTION TO STRIKE PLAINTIFF'S MERITLESS FILINGS**

Comes Now, Mercedes-Benz USA, LLC ("MBUSA" herein) by special appearance only, and files this Response to Plaintiffs December 19, 2024, filings Doc. Nos. 12, 16, 18 19, and 20 showing the Court as follows:

**PROCEDURAL HISTORY**

On December 19, 2024 Plaintiff cluttered the Court's docket with nine unnecessary and duplicative filings. *See* Doc. Nos. 12-20.

1. Plaintiff's Motion for Leave to Correct Defendant's Name. [Doc. 12].

2. Plaintiff's Motion for Leave to File Supplemental Response. [Doc. 13].

3. Plaintiff's Response to Defendant Mercedes-Benz USA, LLC's Motion to

Dismiss. [Doc. 14]. [1]

4. Plaintiff's Response to Defendant Thor Motor Coach, Inc.'s Reply Brief in Support of Motion to Dismiss. [Doc. 15].

5. Plaintiff's Response to Defendant Mercedes-Benz USA, LLC's Defenses. [Doc. 16]. [2]

6. Plaintiff's Response to Defendant Thor Motor Coach, Inc.'s Answer and Affirmative Defenses. [Doc. 17].

7. Plaintiff's Supplemental Statement in Support of Motion. [Doc. 18].

8. Plaintiff's Exhibit Index. [Doc. 19].

9. Attachment to Motion: Statement of Unresolved Defects and Demand for Relief. [Doc. 20].

Some of Plaintiff's numerous filings attempt to cure defects in her service and Complaint without actually curing any of the defects. While other filings reiterate the same general arguments present in Plaintiff's Complaint. To the extent that a response is required to any of these filings MBUSA presents the following:

## ARGUMENT AND CITATION TO AUTHORITY

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike

---

[1] MBUSA has used Plaintiff's headings for ease of reference; however, Mercedes Benz USA, LLC is <u>not</u> a named Defendant in this action. MBUSA filed a special appearance Reply to Plaintiff's Response to its Motion to Dismiss on December 31, 2024.

[2] Mercedes Benz USA, LLC is <u>not</u> a named Defendant in this action.

from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

A. **<u>Response in Opposition to Plaintiff's Motion for Leave to Correct Defendants Name. [Doc. 12].</u>**

Plaintiff filed a Motion for Leave to Correct Defendant's name in an attempt to substitute MBUSA for Mercedes-Benz South USA, LLC. Plaintiff claims that this request will not prejudice MBUSA as it "was properly served" which is wholly incorrect. [Doc. 12]. Plaintiff is not "correcting" a Defendant's name, Plaintiff is trying to replace a dealer (Mercedes-Benz South USA, LLC) with a completely separate company.

The Federal Rules of Civil Procedure are clear in their guidelines for service. FRCP 4(c) states in part:

> (1) In General. A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.
> (2) By Whom. Any person who is at least 18 years old and not a party may serve a summons and complaint.

Additionally, FRCP 4(l) states in part:

> (*l*) Proving Service.
> (1) *Affidavit Required.* Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit.

As shown in its Special Appearance Motion to Dismiss Plaintiff has not "properly served" MBUSA nor has she properly named it in this action. Plaintiff signed the "Proof of Service" herself as well as attested under penalty of perjury that the summons was service via certified mail.[3] "Plaintiff, as a pro se litigant, served the Complaint on Defendants via U.S. Mail, certified return receipt requested." [Doc. 7]. As shown by numerous filings Plaintiff does not dispute the fact that she attempted to serve MBUSA via mail which is improper under the federal rules. *See*, *Stinecipher v. U.S.*, 239 F.R.D. 282, 283 (2006); *Ojelade v. Coleman*, 258 Fed.Appx. 257, 257 (2007).

Under the Federal Rules of Civil Procedure Plaintiff has not affected proper service on MBUSA and Plaintiff cannot simply substitute MBUSA for another Defendant. As such, the Court should deny Plaintiff's Motion to Correct Defendant's Name.

### B. Reply in Opposition to Plaintiff's Response to MBUSA's Defenses. [Doc. 16].

Plaintiff's Opposition is not permitted by the federal rules.

"[E]ven after the defendant has pleaded an affirmative defense, the federal rules impose on the plaintiff no obligation to file a responsive pleading. Absent a

---

[3] Plaintiff included two "Proof of Service" documents for Defendant Thor Motor Coach and did not include any Proof of Service for MBUSA as there was no proper service on MBUSA.

4

counterclaim or crossclaim, pleading under the Federal Rules stops with the answer." *Fernandez v. Clean House*, LLC, 883 F.3d 1296 (10th Cir. 2018) (citing Fed. R. Civ. P. 7(a)(7)).

In the case *Nunley v. Kloehn*, 158 F.R.D. 614, 620 (E.D. Wis. 1994) a Plaintiff filed a response to the defendant's affirmative defenses and the court found that this was not a pleading permitted under the federal rules. "Rule 7(a) does not authorize the filing of a response to affirmative defenses, and the Court has not ordered such a pleading in this case. Because the plaintiff has filed an impermissible pleading, the Court orders that it be stricken under Rule 12(f)." *Id*.

For the foregoing reasons, the Court should strike or ignore Plaintiff's Response to MBUSA's Special Appearance Answer and Defenses.

**C.** **<u>Response in Opposition to Plaintiff's Supplemental Statement in Support of Motion, Plaintiff's Exhibit Index, and Attachment to Motion: Statement of Unresolved Defects and Demand for Relief. [Docs. 18-20].</u>**

It is unclear what Plaintiff is asking the Court to do in Doc. Nos. 18-20. Plaintiff has not included any relevant information in the body to indicate what she is seeking to "supplement" through its filing. The Supplemental Statement reiterates much of the same arguments and allegations present in Plaintiff's Complaint.

As such, the Court should deny Plaintiff's Supplemental Statement in Support of Motion and its accompanying documents.

### D. **Plaintiff's Frivolous Filings Justify A Prescreening Requirement.**

MBUSA is not yet moving for a prescreening requirement. But it is raising this issue with the Court. If Plaintiff continues to file meritless pleadings, a prescreening requirement should be considered. A court can limit a plaintiff's ability to file *pro se* lawsuits if it does not "totally deprive [plaintiff] of meaningful access to the court and is reasonable under the circumstances." *Smith v. Adamson*, 226 Ga. App. 698, 700 (11th Cir. 1997) (upholding injunction that required future pro se suits to "(1) be accompanied by an affidavit from [plaintiff] that the suit is not frivolous, malicious, or vexatious, and is substantially justified; (2) be accompanied by an affidavit from the clerk of the court stating that the $5,000 sanction in this case has been paid in full; and (3) be approved by the judge assigned to hear the case, who will dismiss the suit sua sponte if it is found to lack substantial justification.").

"[F]ederal courts can protect their dockets from abuse by frequent filers so long as the measures taken are a reasonable response to the abuse and access to the courts is not entirely foreclosed." *Johnson v. 27th Ave. Caraf., Inc*., 9 F.4th 1300 (11th Cir. 2021) (upholding injunction which required plaintiff to obtain written permission from the court for future ADA complaints); *Cofield v. Ala. Public Serv. Comm*., 936 F.2d 512, 517-18 (11th Cir. 1991) (upholding injunction requiring plaintiff to send pleadings to judge for pre-filing approval); see also *O'Neal v.*

*Allstate Indem. Ins. Co*., 2021 WL 4852222, *12 (11th Cir. Oct. 19, 2021) (upholding permanent injunction requiring plaintiff to seek leave before *pro se* filings).

Plaintiff has now filed nine separate Motions reiterating the same unsupported allegations and claims. These additional motions have done nothing to substantiate Plaintiff's meritless claims. MBUSA has incurred needless time and expense in responding to the meritless filings.

## **CONCLUSION**

For the foregoing reasons, December 19, 2024, filings Doc. Nos. 12, 16, 18 19, and 20 should be STRUCK.

Respectfully submitted this 2nd day of January, 2025.

    Watson Spence LLP

    */s/ Michael R. Boorman*
    Michael R. Boorman
    Georgia Bar No. 067798
    Tatiana A. Mosbey
    Georgia Bar No. 588387
    600 Peachtree Street NE
    Suite 2320
    Atlanta, Georgia 30308
    Telephone: (229) 436-1545
    Facsimile: (229) 436-6358
    mboorman@watsonspence.com
    tmosbey@watsonspence.com
    *COUNSEL FOR*
    *MERCEDES BENZ USA, LLC*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

I hereby certify that this document was prepared in Times New Roman, 14-point font pursuant to LR 5.1(c), NDGa.

This 2nd day of January, 2025.

                                          WATSON SPENCE LLP

                                          ***/s/ Michael R. Boorman***
                                          Michael R. Boorman
                                           Georgia Bar No. 067798

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

| | |
|---|---|
| Bonita Hunt<br>1718 Connally Drive<br>East Point, GA 30344<br>md2bhunt@icloud.com<br>*Plaintiff* | Mark Lefkow<br>Xiaoya Zhu<br>COPELAND, STAIR, VALZ & LOVELL, LLP<br>191 Peachtree Street, N.E.<br>Suite 3600<br>Atlanta, Georgia 30303<br>mlefkow@csvl.law<br>xzhu@csvl.law<br>*Counsel for Thor Motor Coach* |

Respectfully submitted this 2nd day of January, 2025.

WATSON SPENCE LLP

**/s/ Michael R. Boorman**
Michael R. Boorman
Georgia Bar No. 067798